**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| **David Schnur,** | **Civil Action No.** 1:26-cv-00004 _____ |
| *Plaintiff* | **Action for Damages** |
| **v.** | **Jury Trial Demanded** |
| **Robert Garriott,** | |
| *Defendant* | |

**COMPLAINT**

Plaintiff David Schnur ("Plaintiff"), by and through undersigned counsel, brings this action for damages and alleges as follows:

**Nature of the Action**

1.  This is an action for damages arising out of a motor vehicle collision caused by Defendant's negligence on or about January 7, 2026, on St. Croix, U.S. Virgin Islands.

2.  As a direct and proximate result of Defendant's negligent operation of his vehicle, Plaintiff suffered serious personal injuries, incurred medical expenses, experienced pain and suffering, and sustained other damages as set forth below.

**Jurisdiction & Venue**

3.  This Court has subject matter jurisdiction over this civil action, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4.  Venue is proper in this division because the collision occurred on St. Croix.

**Parties**

5.  Plaintiff David Schnur is an adult citizen of the Territory of the U.S. Virgin Islands.

6.  Defendant Robert Garriott is an adult citizen of the State of Texas.

*Complaint*
*Schnur v. Garriott*

## Factual Allegations

7.      On January 7, 2026, at approximately 8:11 p.m., Plaintiff was operating a motor vehicle traveling westbound on East End Road, St. Croix.

8.      At the same time and place, Defendant was operating a motor vehicle traveling eastbound, but he crossed onto the righthand side of the road and into the lane of traffic occupied by Plaintiff.

9.      Plaintiff attempted to avoid the collision but could not do so.

10.     Law enforcement responded to the scene and investigated. The investigating officer determined Defendant to be at fault and issued Defendant a citation for failure to remain as far left as practicable, thereby causing an accident.

11.     Defendant admitted to the investigating officer that, while leaving Goat Soup & Whiskey, he became distracted, entered the right lane, and collided with Plaintiff.

12.     Plaintiff was transported from the scene by ambulance for medical evaluation and treatment.

13.     As a result of the collision, Plaintiff sustained serious bodily injuries, including injuries to his cervical and upper thoracic spine.

14.     Diagnostic imaging of Plaintiff's spine revealed, among other findings, a superior endplate compression fracture at T2 with approximately 20% anterior vertebral body height loss, described as likely subacute, without bony retropulsion. Plaintiff also demonstrated multilevel cervical spine pathology, including findings most significant at C4–C5 with moderate spinal stenosis and severe left neural foraminal narrowing.

15.     Plaintiff has required medical care and treatment to date and is expected to require additional medical care and treatment in the future.

16.     Plaintiff has suffered and continues to suffer physical pain, mental anguish, loss of

enjoyment of life, and other non-economic damages.

17. Since the collision, Plaintiff's vehicle has remained inoperable.

18. Plaintiff promptly attempted to mitigate his damages contacting Defendant's liability insurer, State Farm, to obtain inspection and repair authorization and a rental car.

19. However, in response, a representative of State Farm informed Plaintiff that it "didn't know" whether there was coverage for repairs because the U.S. Virgin Islands was not "the real United States," and State Farm declined to authorize repairs.

20. State Farm's position and delay has rendered timely mitigation impracticable and caused the loss-of-use period to extend beyond the timeframe that would otherwise have been required to repair the vehicle.

## Causes of Action

### Count 1 – Negligence

21. Plaintiff incorporates  the allegations of all prior paragraphs by reference as if fully set forth herein.

22. Defendant owed Plaintiff a duty to operate his vehicle with reasonable care under the circumstances, including to maintain proper lane position, keep a proper lookout, and avoid careless or distracted driving.

23. Defendant breached those duties, including by: (a) entering into and/or traveling in Plaintiff's lane of travel; (b) failing to remain as far left as practicable; (c) operating his vehicle while distracted and without maintaining proper lookout; (d) failing to take reasonable evasive action and/or otherwise avoid the collision; and (e) otherwise operating his vehicle in a careless and negligent manner.

24. Defendant's negligence was a direct and proximate cause of the collision and Plaintiff's injuries and damages.

25.     Plaintiff has sustained damages including: (a) past and future medical expenses; (b) physical pain and suffering; (c) mental anguish; (d) loss of enjoyment of life; (e) property damage including the reasonable cost of repair; (f) loss of use of his vehicle; and (g) other compensatory damages to be proven at trial.

## Count 2 – Negligence Per Se

22.     Plaintiff incorporates the allegations of all prior paragraphs by reference as if fully set forth herein.

23.     Defendant violated applicable Virgin Islands traffic laws requiring motorists to remain as far left as practicable and/or otherwise maintain lane position and operate vehicles safely. *See* 20 V.I.C. § 495.

24.     These statutory duties were designed to protect motorists such as Plaintiff from the type of harm that occurred.

25.     Defendant's statutory violations constitute negligence per se and were a direct and proximate cause of Plaintiff's injuries and damages.

## Demand for Jury Trial

26.     Plaintiff hereby demands a trial by jury on all issues so triable.

**\*\*\*\*\***

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against Defendant as follows:

A.     For compensatory damages in an amount to be proven at trial;

B.     For past and future medical expenses and other economic damages in an amount to be proven at trial;

C.     For pain and suffering, mental anguish, loss of enjoyment of life, and other non-economic damages to be proven at trial;

D.      For property damages including the reasonable cost to repair Plaintiff's vehicle and loss-of-use damages in an amount to be proven at trial; and

E.      For costs of suit, allowable interest, and such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: February 13, 2026

/s/ C. Jacob Gower
C. Jacob Gower, Esq.
**GOWER LEGAL LLC**
1919 Pine Street, New Orleans, LA 70118
PO Box 223973, Christiansted, VI 00822
jacob@gowerlegal.com
(340) 277-2799 / (337) 298-9734

**Counsel to Plaintiff David Schnur**